# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

| | |
|---|---|
| **COREY SHAW,** | |
| **Petitioner**, | |
| v. | **CIVIL ACTION NO.: 1:15-CV-165 (KEELEY)** |
| **WARDEN SAAD,** | |
| **Respondent**. | |

## REPORT AND RECOMMENDATION
## DENYING PETITION FOR SECTION 2241 RELIEF

### I. INTRODUCTION

On September 21, 2015, Petitioner, currently a D.C. inmate confined at FCI Hazelton, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has incorrectly calculated his sentence. Pet., ECF No. 1 at 10. Petitioner avers that the BOP "unlawfully changed" his sentence from 20 years to life to 25 years to life without judicial authority. Id. Petitioner requests that this Court change his sentence from 25 years to life to 20 years to life and declare that the 25 to life sentence is "illegal." Id. at 13. On February 26, 2016, the undersigned issued an Order [ECF No. 15] to Show Cause to Respondent. On April 6, 2016, Respondent filed a Motion [ECF No. 21] to Dismiss or, in the Alternative, Motion for Summary Judgment. On April 7, 2016, the undersigned issued an Order and Roseboro Notice [ECF No. 23] giving Petitioner twenty-one (21) days to file a response. As of this date, there has been no response file by Petitioner to Respondent's Motion. This matter is pending before the undersigned for an initial review and Report and

1

Recommendation pursuant to LR PL P 2.

## II. <u>FACTS</u>

Petitioner is a D.C. prisoner currently housed at the Federal Correctional Institution Hazelton ("FCI Hazelton") in Bruceton Mills, West Virginia. ECF No. 22-1. According to the Judgment and Commitment/Probation Order ("Judgment"), on March 26, 1998, Petitioner was sentenced in the Superior Court for the District of Columbia, Docket Number F597-97, to: "(B) Not less than twenty months nor more than sixty months to run concurrent. (G) Five-Fifteen yrs. (J) Twenty yrs. to life." Ex. 2, Resp., ECF 22-2. Specifically, Petitioner received a 20-month to 60-month term of imprisonment for Conspiracy (Count B), a 5-year to 15-year term of imprisonment for Possession of a Firearm During a Crime of Violence or Dangerous Weapon (Count G) and a 20-year to life term of imprisonment for Murder II While Armed (Count J). Ex. 1, Resp., ECF 22-1, at ¶ 3. The Judgment indicates the sentencing court specified Count (B) was to "run concurrent," but did not mention the order in which Count (G) and Count (J) were to be served, nor does it indicate that either Count (G) or Count (J) would run concurrently to each other. <u>Id.</u> at Ex.1,¶4; Ex. 2, Judgment and Commitment/Probation Order. The BOP prepared a sentence computation for Petitioner based on a 25-year to life term of confinement commencing on March 26, 1998, with jail credit from January 18, 1997 through March 25, 1998. <u>Id.</u> at Ex. 1, ¶ 5.

Petitioner filed a motion under D.C. Code § 23-110 seeking post-conviction relief on the grounds that he was not competent to enter a plea of guilty. Pet., ECF 1 at 4. The Motion was denied on February 4, 2008. <u>Id.</u> Petitioner filed a second post-conviction proceeding with the D.C. Superior Court under D.C. Code § 23-110 seeking

a reduction of sentence, which was also denied. Id. Petitioner did not appeal either denials. Id.

### III. ISSUES PRESENTED

**A. The Petition**

Petitioner alleges the BOP "unlawfully changed" his sentence from 20 years to life to 25 years to life without judicial authority by having count G and J run consecutively instead of concurrently. ECF No. 1. Specifically, Petitioner alleges that D.C. Code §23-112 "…allows any non-judicial entity to perform a judicial act specifically reserved for a Judge." Id.

**B. Response to Show Cause Order**

Respondent argues that Petitioner's habeas petition properly falls under section 2255 not section 2241 and should be dismissed on that ground. ECF No. 22. Additionally, Respondent argues that the B.O.P. properly computed petitioner's sentence based upon D.C. code § 23-112 which requires the B.O.P. to run sentences consecutive to other sentences, unless the court imposing such a sentence expressly provides otherwise. Id.

### III. STANDARD OF REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a

claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.     Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than

encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## IV.　ANALYSIS

### A. Government's incorrectly argues that Petitioner is requesting section 2255 post- conviction relief not section 2241 relief.

In the case at hand, Petitioner has filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Pet., ECF. No. 1 at 1. Petitioner argues that his sentence should be 20 years to life, instead of 25 years to life. Id. at 10. As relief, Petitioner requests that this Court deem the 25 to life sentence as "illegal," and order that his sentence reflect 20 years to life. Id. at 13. Respondent argues that Petitioner is clearly challenging the sentence itself, and its legality, which would require a motion requesting relief under 28 U.S.C. § 2255. 28 U.S.C § 2255; see also Jimanian, 245 F.3d at 147-48.

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036,1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110). Section 23-100(g) provides:

6

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. (Emphasis added).

Id. Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), cert denied, 479 U.S. 993 (1986); see also Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, 794 F.2d at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, 151 F.3d at 1042 (emphasis added). In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if

adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Garris, 794 F.2d at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, 151 F.3d at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, 430 U.S.at 377("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, 794 F.2d at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.").

In the case at hand, Petitioner filed a motion under D.C. Code §23-110 seeking post-conviction relief on the grounds that he was not competent to enter a plea of guilty. Pet., ECF 1 at 4. The Motion was denied on February 4, 2008. Id. Petitioner filed a second post-conviction proceeding with the D.C. Superior Court under D.C. Code § 23-110 seeking a reduction of sentence, which was also denied. Id. Petitioner did not

appeal either denials. Id. Further Petitioner has made no demonstration that the remedy under D.C. § 23-110 was an "inadequate or ineffective" means of challenging his sentence. Id.

The remedy under D.C. Code § 23-110 is an exclusive one and one the Petitioner has knowledge of and experience with given his two prior motions. Accordingly, if the Petitioner was attacking his conviction and sentence, as the Government contends, this court would not have jurisdiction regarding that issue as a motion pursuant to D.C. Code § 23-110 would be the proper remedy for relief.

However, the petitioner has filed this motion pursuant to section 2241. Generally, section 2241 petitions challenge the execution of a sentence, including matters relating to: (i) the administration of parole; (ii) the computation of a sentence by prison officials; (iii) prison disciplinary actions; (iv) prison transfers or (v) types of detention and prison conditions. Jiminan v. Nash, 245 F. 3d at 146; see also United States. v. Barrett, 178 F. 3d 34, 50 n.10 (1st Cir. 1999) (stating that petitions pursuant to § 2241 generally attack the execution of a sentence); Hernandez, 204 F. 3d at 864 ("Petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241."); Pack, 218 F. 3d at 451 ("A § 2241 petition on behalf of a sentenced prisoner attacks the manner in which the sentence is carried out or the prison authorities' determination of its duration . . . ."); Gonzalez v. U.S., 150 F. Supp. 2d 236, 241(D. Mass 2001).

Accordingly, the undersigned disagrees with the Government's argument that Petitioner is challenging the sentence itself, and its legality, which would require a motion requesting relief under 28 U.S.C. § 2255 or in this case a motion under D.C.

Code § 23-110. 28 U.S.C. § 2255 ; see also Jimanian, 245 F.3d at 147-48. Regardless, the Court would not have jurisdiction to hear such a claim. Therefore, the undersigned finds that Petitioner is attacking the BOP's determination of the duration of his sentence and has correctly filed it as a section 2241 petition. Accordingly, the undersigned will address the computation issue below.

**B.      Whether the BOP Properly Computed Petitioner's Sentence Based on D.C. Code § 23-112 and the Intent of the Sentencing Court**

The Revitalization Act provides that the BOP is responsible for computing the sentences of D.C. offenders housed in BOP facilities. D.C. ST. § 24-101(b). Moreover, such persons are "subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." Id. at § 24-101(a). Therefore, although the BOP is responsible for computing sentences of D.C. offenders housed in its facilities, the District of Columbia continues to control the computation of such sentences. District of Columbia Code section 23-112 states:

> A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

D.C. Code § 23-112. BOP Program Statement 5880.33, District of Columbia Sentence Computation Manual provides the BOP with guidance for the D.C. Sentencing Code. In relation to D.C. Code § 23-112, it states that "if there are two or more counts in a [Judgment] and the court makes no mention as to how the counts are to be served in relation to one another, then the counts would be served consecutively in the order in which they were imposed." Id.

10

In the case at hand, the Judgment states "(B) Not less than twenty months nor more than sixty months to run concurrent. (G) Five-Fifteen yrs. (J) Twenty yrs. to life." Ex. 2, Resp., ECF 22-2. The (B), (G) and (J) refer to the following Counts in the indictment: (B) Conspiracy; (J) Murder in the Second Degree While Armed and (G), Possession of a Firearm during the Commission of a Crime of Violence. It is specifically stated in the Judgment that Count (B) is intended to run concurrently to the other Counts. Id. However, the Judgment does not state that Count (G) and (J) are to run concurrently. This means that the overall sentence is 25 years to life[1], which is how the BOP calculated Petitioner's sentence. ECF No. 22-1 at Ex. 1, ¶ 5. Therefore, Petitioner is not entitled to relief based on the face of the Judgment and the Petition must be dismissed.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's Motion **[ECF No. 21]** to Dismiss, Motion for Summary Judgment be **GRANTED** and Petitioner's § 2241 petition **[ECF No. 1]** be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to

---

[1] Each sentence carries a minimum sentence. Count G is a 5 year minimum. Count J is a 20 year minimum. The combined minimum results in 25 years or an overall sentence of 25 years to life.

appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

**DATED:** 6-14-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE